UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE TYRONE NOEL NUNN | Case No.: 2:24-cv-01374-CDS-BNW |
| | **ORDER** |

On July 26, 2024, pro se plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections, submitted documents titled "Civil Paliminairy Examination," "Small Claims Demand Letter," a second "Small Claims Demand Letter," and "Prevailing Scriptous." ECF Nos. 1-1, 1-2, 1-3, 1-4. Neither document constitutes a complaint. And Nunn has neither paid the full $405 filing fee for a civil action nor applied to proceed *in forma pauperis*. *See* ECF No. 1. Nunn is a frequent litigator in this District and the Court has repeatedly reminded him that to initiate a civil action, he must file a single, complete and signed complaint with all the information called for by the Court's approved form and either pay the required filing fee or file a complete application to proceed *in forma pauperis*. The Court will grant Nunn an extension of time to correct the several defects with his initiating documents.

**I.     DISCUSSION**

**A.     Nunn must file a single, complete and signed complaint.**

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Generally, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a). Furthermore, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

Furthermore, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). And duplicative litigation by a litigant who is proceeding under *in forma pauperis* status can be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

It is not clear whether any of the documents that Nunn filed are intended to constitute a complaint. None of the documents have all the necessary elements to constitute a complaint. So the Court does not accept any of the filed documents as an operative complaint in this case. The Court gives Nunn an extension of time to file a single complaint that complies with these rules and indicates the claims and defendants that he is pursuing in this case. The Court reiterates for Nunn's benefit that he may not bring multiple different complaints in a single case. Nor may he bring the same complaint in multiple different cases. Rather, Nunn must bring a single, unique complaint in each of his cases.

**B.     Nunn must either pay the $405 filing fee or apply for *in forma pauperis* status.**

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. LSR 1-2. *In forma pauperis* status does not relieve

an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

## II.     CONCLUSION

It is therefore ordered that Nunn has **until September 2, 2024**, to file a single, complete and signed complaint stating the claims and defendants that he is pursuing in this action.

It is further ordered that Nunn has **until September 2, 2024**, to either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Nunn is cautioned that this action will be subject to dismissal if he fails to timely comply with this order.

The Clerk of the Court is directed to send plaintiff Tyrone Nunn the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same.

DATED: August 2, 2024

_____
UNITED STATES MAGISTRATE JUDGE

3